NATIONAL PAINT & COATINGS ASSO-
CIATION; Rust–Oleum Corporation, an
Illinois corporation; The Sherwin–
Williams Company, an Ohio corpora-
tion; Ace Hardware Corporation, a De-
laware corporation; Tru–Test Manufac-
turing Company, a Delaware corpora-
tion; FMA, Inc., d/b/a Jim's Ace Hard-
ware, an Illinois corporation; W.C.
Schauer Hardware Center, Inc., an Illi-
nois corporation; Elston Ace Hardware,
Inc., an Illinois corporation; Smiley Ace
Hardware, Inc., an Illinois corporation;
The Art & Craft Materials Institute,
Inc., a New York corporation; Brudno
Art Supply Store Co., Inc., a Delaware
corporation; Sakura Color Products of
America, Inc., a California corporation;
Peter Michael O'Brien, an individual;
and Kirby J. Briske, an individual,
Plaintiffs,

v.

CITY OF CHICAGO, an Illinois
municipal corporation,
Defendant.

No. 92 C 4023.

United States District Court,
N.D. Illinois, E.D.

March 11, 1993.

Harvey M. Sheldon, Bruce H. Weitzman,
Paul Andre Katz, Edward C. Stewart,
McDermott, Will & Emery, P.C., Thomas G.
Dent, Jeryl L. Olson, Peter C. Woodford,
Therese G. Pinter, Seyfarth, Shaw, Fair-
weather & Geraldson, Chicago, IL, for plain-
tiffs.

Gail A. Niemann, Susan R. Lichtenstein,
Anita K. Modak–Truran, Ronald D. Jolly,
Nancie M. Campbell, City of Chicago, Law
Dept., Corp. Counsel, Chicago, IL, for defen-
dant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

On December 24, 1992, plaintiff National Paint & Coating Association ("NPCA") served subpoenas upon Aldermen Edward M. Burke and Richard F. Mell. The subpoenas seek both oral deposition testimony and production of documents. Defendant City of Chicago (the "City") now moves to quash the subpoenas insofar as they seek deposition testimony.[1] Specifically, in support of its motion, the City proffers the following independent justifications: (1) the depositions are not reasonably calculated to lead to the discovery of admissible evidence; (2) NPCA seeks evidence protected by the legislative and deliberative process privileges; and (3) to the extent they might lead to the discovery of relevant information, such subpoenas would be more sensibly directed to other sources so as to avoid the unwarranted burden of a deposition on local lawmakers. Because we agree that the depositions are not reasonably calculated to lead to admissible evidence, we grant the motion to quash.

At the threshold, NPCA contends that the City's motion is untimely under Fed.R.Civ.P. 45(c)(2)(B) as it was filed on January 15, 1993, in excess of fourteen days after service. The fourteen-day objection period provided for in Rule 45(c)(2)(B), however, applies only to requests for the production of documents and other tangible things. The City does not object to the production of documents or other tangible things. Rather, it objects to NPCA's request for oral deposition testimony from Aldermen Burke and Mell. The City's motion was filed prior to the scheduled date of compliance, January 19, 1993. Further, NPCA's only claim of prejudice comes in the form of its ability to meet the January 31, 1993, discovery cutoff date. This court, however, has since extended the discovery period to April 1, 1993, nullifying NPCA's claim of prejudice. Under these circumstances, we will consider the City's motion on its merits.

The scope of discovery is generally limited to information "which is relevant to the subject matter involved in the pending action." Fed.R.Civ.P. 26(b)(1). While the information sought need not be admissible at trial, it must be "reasonably calculated to lead to the discovery of admissible evidence." *Id.* NPCA's purpose for taking the depositions of Aldermen Burke and Mell is not left to guesswork. NPCA intends to "inquire into the state of knowledge of Aldermen Burke and Mell concerning property defacement." Plaintiffs' Response to Defendant City of Chicago's Motion to Quash at 4. Such inquiry, however, simply is not relevant to the enduring issues in this case. In the wake of our ruling dated July 31, 1992, only three issues remain: (1) whether the challenged ordinances impose an excessive burden on interstate commerce in relation to the local benefits; (2) whether the means adopted by the challenged ordinances are arbitrary, capricious and unreasonable, thus rendering the legislation an unlawful exercise of the City's police power; and (3) whether the challenged ordinances bear a rational relationship to a legitimate governmental interest consistent with the mandates of substantive due process. *See National Paint & Coatings Ass'n v. City of Chicago,* 803 F.Supp. 135 (N.D.Ill.1992). As explained in our previous ruling, the tests employed by this court to resolve the above listed issues are objective. NPCA bears the burden of presenting empirical evidence regarding the likely impact of the ordinances. In accordance with the principle that courts "will not strike down an otherwise constitutional statute on the basis of an alleged illicit legislative motive," *United States v. O'Brien,* 391 U.S. 367, 383, 88 S.Ct. 1673, 1682, 20 L.Ed.2d 672 (1968); *see also Fraternal Order of Police Hobart Lodge # 121, Inc. v. City of Hobart,* 864 F.2d 551, 554 (7th Cir.1988); *Laramore v. Illinois Sports Facilities Authority,* 722 F.Supp. 443, 445 (N.D.Ill.1989) (Rovner, J.), this court will not permit any inquiry into the subjective motivations of individual legislators. As poignantly noted by the City,

---

1. Recognizing that the production of documents is not subject to the firm limitations surrounding the production of an actual legislator, the City does not challenge the subpoenas' request for document production. *See* Memorandum in Support of Defendant City of Chicago's Motion to Quash at 6, n. 3.

the City Council could have acted with no information or even with false information when it passed the Ordinances and, if the Ordinances nonetheless were likely to have the effect of decreasing graffiti without unduly interfering with interstate commerce [and without employing means that are arbitrary, capricious and unreasonable], they would still ... be valid.

Reply Brief in Support of Defendant City of Chicago's Motion to Quash at 3.

In sum, finding NPCA's request to take the depositions of Aldermen Burke and Mell not reasonably calculated to lead to admissible evidence, we grant the City's motion to quash. It is so ordered.